IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUADALUPE ANTONIO CARDONA Y
CARDONA, *et al.*,

    *Petitioners*,

v.

SECRETARY KRISTI NOEM, *et al.*,

    *Respondents*

Case No. 25-cv-2262-ABA

**MEMORANDUM AND ORDER**

On July 13, 2025, Petitioners Guadalupe Antonio Cardona y Cardona and Daniel Antonio Pascual Diaz filed a petition for a writ of habeas corpus, as well as an amended petition on July 14, 2025, with a supplement on July 15, 2025. ECF Nos. 1, 4, 8. Petitioners challenge their July 13, 2025 arrest by the Department of Homeland Security ("DHS"), and request that this Court stay any removal proceedings because "Petitioners were racially profiled by ICE, DHS and other agents and that was the sole reason for their detention." ECF No. 1 ¶ 11. Respondents filed a response to the petition and motion to dismiss on July 17, 2025. ECF No. 9. Because this Court lacks jurisdiction to consider Petitioners' constitutional claims pursuant to 8 U.S.C. § 1252(g), it will grant the motion to dismiss.

**FACTUAL BACKGROUND**

DHS initiated removal proceedings against Petitioners and served them Notices to Appear on July 13, 2025, after pulling over Petitioners' car and arresting them. ECF No. 1-1 at 1-5; ECF No. 9-1 at 1-2. The Notices to Appear charge them with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) because they are undocumented non-citizens. ECF Nos. 9-1 at 1-2; 9-2; 9-3.

Petitioners allege that the arrest was "based on racial profiling and the lack of even reasonable articulable suspicion upon the stop of Petitioners' vehicle." ECF No. 10 at 3. They assert that their claim is "specifically that they were seized illegally on the road on the basis of their appearance, and therefore their race." *Id.* at 5. Petitioners seek an order from this Court staying their removal and "suppress[ing]" any "immigration proceedings" based on the alleged Fourth Amendment violations. ECF No. 4 at 4.

As stated, Petitioners filed their petition on July 13, 2025. ECF No. 1. On July 14, 2025, Petitioners filed an amended petition, which they supplemented on July 15, 2025. ECF Nos. 4 & 8. Respondents filed their motion to dismiss on July 17, 2025, to which Petitioners responded, and Respondents replied. ECF Nos. 9, 10, 11.

## LEGAL STANDARD

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). "Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). A Rule 12(b)(1) motion "must be denied if the [petition] alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

2

**DISCUSSION**

8 U.S.C. § 1252(g) strips federal district courts of subject matter jurisdiction in specific immigration contexts. It provides as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Supreme Court has held that that the jurisdictional bar in section 1252(g) "applies only to three discrete actions that the Attorney General may take," namely a "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

Petitioners claim that their Fourth Amendment rights were violated when they were stopped and arrested allegedly based solely on their appearance. Respondents assert that section 1252(g) strips this Court of subject matter jurisdiction over these claims because when Petitioners were arrested, that constituted a "decision or action . . . to commence proceedings . . . under [the Immigration and Nationality Act]" and thus this Court lacks jurisdiction under 8 U.S.C. § 1252(g). Petitioners assert that section 1252(g) does not apply because "the habeas petitions filed in this case challenge neither the 'method' nor the 'commencement of immigration proceedings' in their cases. (i.e. immigration concerns are thus not the material basis of the habeas claims, but rather a collateral consequence of their illegal detention)." ECF No. 10 at 4. Petitioners assert that, as a result, the only applicable law is the Fourth Amendment and related caselaw.

3

In *Reno*, the petitioners argued that they were targeted for deportation based on their affiliation with a politically unpopular group, and thus those immigration proceedings violated their First and Fifth Amendment rights. 525 U.S. at 473-74. The Supreme Court held that section 1252(g) stripped the court of jurisdiction to adjudicate such claims because the case challenged the government's decision to commence immigration proceedings. *Id.* at 487 ("Respondents' challenge to the Attorney General's decision to 'commence proceedings' against them falls squarely within § 1252(g).").

Similar to the claim in *Reno*, Petitioners here contend that they were targeted based on the color of their skin in violation of their Fourth Amendment rights. They may very well be correct that their arrest violated the Fourth Amendment for the reasons they allege. But this Court does not have subject matter jurisdiction to adjudicate that claim. Petitioners had no prior pending immigration proceedings. When they were arrested and turned over to ICE, that constituted the commencement of proceedings to adjudicate and effectuate their removal from the United States. Thus, even though the substantive law that governs their claims is the U.S. Constitution, section 1252(g) as interpreted by the Supreme Court in *Reno* strips this Court of subject matter jurisdiction to hear Petitioners' claims. *See Sissoko v. Rocha*, 509 F.3d 947, 950-51 (9th Cir. 2007) (holding "that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language cover[ed] the Sissokos' false arrest claim" because it "directly challenge[d] [the] decision to commence expedited removal proceedings"); *Saadulloev v. Garland*, No. 3:23-CV-00106, 2024 WL 1076106, at *3 (W.D. Pa. Mar. 12, 2024) ("The Government's decision to arrest Saadulloev on April 4, 2023, clearly is a decision to 'commence proceedings' that squarely falls within the jurisdictional bar of § 1252(g).").

The fact that Petitioners did not have pending immigration cases is important, and the existence of that fact renders this Court's decision narrow. This Court does not decide, for example, whether section 1252(g) would have applied if Petitioners had final orders of removal and were arrested in order to effectuate such orders. The Supreme Court has held that section 1252(g) does not apply in that context. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *see Cruz Medina v. Noem*, -- F. Supp. 3d --, Case No. 25-cv-1768-ABA, 2025 WL 2306274, at *3 n.3 (D. Md. Aug. 11, 2025) (explaining this point). But this case is different, because the arrests that Petitioners challenge clearly constituted the *commencement* of removal proceedings, and thus this case falls squarely within the jurisdictional bar that Congress enacted in 1252(g).

## CONCLUSION AND ORDER

Because the Court lacks subject matter jurisdiction over Petitioners' claims, the Court hereby ORDERS that:

1. The Amended Petition (ECF No. 4) is DENIED; and

2. The government's Motion to Dismiss (ECF No. 9) is GRANTED. The Clerk of Court shall mark this case as CLOSED.

Date:  August 13, 2025                                    _____/s/_____
                                                          Adam B. Abelson
                                                          United States District Judge